The next matter, number 23-1953, Ruth A. Pritt v. John Crane Inc. At this time, if counsel for the appellant could please introduce himself on the record to begin. Good afternoon, Your Honors. May it please the Court, this is Mark Alonzo on behalf of Mrs. Pritt, the plaintiff below, appellant. May I reserve three minutes for you both, Your Honor? You may. Thank you. So, Your Honors, this is a simple case, and Mrs. Pritt lost her husband of 58 years. At bottom, we see this as a products liability personal injury case. Now, it's clear that Mr. Pritt was not a Jones Act seaman, and so what we're asking this Court to do is to reinstate Magistrate Judge Bowler's order and to reverse the District Court's order. And there's a few very simple reasons why that is. Now, Mr. Pritt could not sue under the Jones Act. Now, counsel, counsel, we have two issues. The first is whether we have appellate jurisdiction. The second is whether it is the merits question. There are really pretty severe limits on interlocutory appellate jurisdiction in these sorts of cases. You did not do the Admiralty Rule 9 certification. You also claimed right to jury trial, which, of course, you did since these are state law-based claims. But under our circuit precedent, both of those are clear designations that we do not have appellate jurisdiction. And then there is just this policy issue. Why stretch to find appellate jurisdiction in order to reach the merits when the merits might well be better disposed of after trial, and there are many more facts that have been found in the case. So that's what concerns me about your appeal. Would you like to respond? Yes, Your Honor. And Judge Lynch, so just to take your first point in order, we don't believe that Rule 9H election is dispositive in this manner. Now, we did elect 1333, Admiralty and Maritime, and that was in our second amendment complaint. Now, importantly, too, the appellee defendant below actually acknowledged in their first answer in 2020 to this lawsuit, their first affirmative defense was, and this is ECF number 8 at page 7, and I'm quoting here, Pease claims against JCI John Crane Incorporated, which sound in Admiralty, those claims must be tried to the bench. So this was understood to be an Admiralty case. Now, even the appellee argues that it's under a totality of circumstances of whether it comes under Admiralty jurisdiction or not, and we believe under these circumstances it clearly does. So other than invoking Section 1333, the motion for summary judgment was decided under Admiralty and Maritime jurisdiction. We've been operating under that since the inception of this particular case. So that's what we feel would address those concerns. As to the rights and liabilities of Mrs. Pritt, I mean there is First Circuit precedent. Can you go back one step on the Admiralty part before we get to the rights and liabilities? Yes, Your Honor. What material are we supposed to look at? Is it the complaint? Well, in reality it would be the complaint, and even under the appellee's construction of the rule of the totality of the circumstances, under our case we think that all of the circumstances with the locality and connection test being met for maritime, the... I'm sorry. I'm losing the answer. Do we stop at the complaint? In your case, the Second Amendment complaint. I think the Second Amendment complaint invoking Section 33 would be enough. Yes, Your Honor, in simple terms. Okay. And then the actual rights and liabilities... LUERA, which we've cited in our briefing, actually had an automatic default position in the election that said that ultimately if you're claiming maritime, you're claiming Admiralty, and you also have other claims that are being included, the fact that you're arguing or you're requesting for a jury does not in and of itself defeat Admiralty jurisdiction. And am I right that your opponents say that the Fifth Circuit sort of is backed away from that or that idea that there's a kind of a default isn't widely adopted by other circuits? I would concede that there are other cases that are found differently, absolutely. Now, as far as the rights and liabilities go, Your Honor, to answer that portion of the question... So does your case, your us having Admiralty jurisdiction depends on us taking that part of LUERA? No. I think Section 1333 would also be a point I would argue that makes it very clear that Admiralty has been invoked. In fact, Section 1333 really can be viewed as an equivalent of Rule 9H. Is that savings to suitors, 1333? No. Well, 1333 is the portion that actually invokes Admiralty. I'm sorry, how can it be the equivalent of 9H? I don't understand that argument. Well, to us, Your Honor, and we believe the case law supports this, that ultimately when you're invoking Admiralty in Section 1333, it isn't necessarily required that you have to say Rule 9H to be able to do that. That is a non-responsive answer. 9H wouldn't exist for purposes of appellate jurisdiction if the mere recitation of 1333 in the complaint were the equivalent. And I think to that, this is something that even the appellee says is the totality of the circumstances type of test, which is really where if you look at the case and all of the facts that have come before you in this case, maritime has been applied consistently. And it isn't something that ultimately we've ever argued against. Are you now relying on something beyond the complaint when you say that? I think in this scenario, that's correct. In fact, it would be more than just a second amended complaint, that you can look to the totality of the case and still see that this has always been under maritime. As far as the rights and liabilities case as well, Stewart v. Dutra Group, which is a First Circuit case from this circuit, found that actually by losing one of the claims, and here we believe we've lost a wrongful death claim, that would be a right and liability that's been affected. Now, as far as why in the substance of the argument, why Mr. Pritt is not a Jones Act plaintiff. I just on the rights and liabilities, when you say you lost the claim. Yes, Your Honor. I take it that's because you tried to amend to add the wrongful death claim and it was denied. Yes, that's correct. Now, the way you pled in seeking the amendment of the wrongful death claim, you didn't seek non-pecuniary damage. You only sought non-pecuniary damages for the wrongful death claim. Is that right in the amended complaint? In the amended complaint, we amended to actually include a wrongful death count for both state and federal and it included loss of consortium and punitive damages as well. Did it include pecuniary damages? Did it include the term pecuniary damages? I'm not aware that it did. Because the thing that's just a little strange to me is if it did, there wouldn't seem to be any grounds for having dismissed that claim. Because the only grounds he gave, the only grounds given for the dismissal, I thought, had to do with the absence of a basis for getting the non-pecuniary damages. Isn't that right? Well, the way that I understood Judge Gordon's order, Your Honor, was that anything that was not a survival damage, the complaint was not allowed to be amended. So in that sense, whatever remedies were claimed with the wrongful death counts were removed. There is a little bit of ambiguity as to whether there's funeral expenses left or not, but as we raised in our briefing, even that would not be economically viable to bring a suit alone. Was the wrongful death claim allowed to be included in the complaint through amendment or not? No, it was not. It was not. And that's exactly our point, Your Honor. I got it. I got it. It's that that is the right and liability that was not allowed or that was final. So, Your Honor, the reason Mr. Print is not a Jones ex-human, and those statutes shouldn't apply to him through analogy, is because it isn't any kind of statutory regime that he can recover under. Now, we point to Blakey v. U.S.S. Iowa, which is a Fourth Circuit case that's really illustrative of this point. And in the Blakey court, in that particular case, this is footnote 82 of our briefing, the family of a deceased naval veteran brought suit under the Jones Act, under Death on the High Seas Act, among other acts, and that case was dismissed. And the court said specifically that the Blakeys cannot assert a representative action directly under the Jones Act but must rely on the Suits and Admiralty Act to the extent that actions under that act are not barred by Ferris. So a main portion of our argument is that Mr. Print cannot have the Jones Act applied to him, especially not when his exposure occurred over several years in territory waters and in the Boston Naval Shipyard, because he would never be able to sue his employer. He can't sue for unseaworthiness. He can't sue for maintenance and cure. He can't sue the vessel owner. He can't do any of those things that are traditionally found to be part of seamen covered by the Jones Act. So what we've submitted in our analysis is that Mr. Print is a non-seafarer for the purposes of his suit, much like the cases Marquette that we've cited, Sugden, which we've also cited, that I know was in Judge Gordon's ruling, Zaklava. In these cases, generally speaking, the fact pattern is such that a commercial fisherman who owns his own boat is injured by a third party and sues and is found to be able to supplement their cause of action with state remedies because they are not a Jones Act seaman. So that part of the case is where we feel that the wrongful death remedy from the state should be allowed to be applied to Mr. Print. Now, there is also another portion where we believe that maritime law also has, under Moraine and Gaudette, that came after a wrongful death cause of action that also allows for loss of consortium. Thank you. Thank you, Your Honor. Thank you, counsel. At this time, counsel for the apple leaf, please introduce yourself on the record to begin. Good morning, Your Honors. Robert Palumbis on behalf of John Crane. Your Honors, I'll start with the jurisdictional question today because it's dispositive of this case. The court lacks appellate jurisdiction over this interlocutory appeal, and it should dismiss without reaching the merits. There are two reasons why 1292A3 does not apply. And the first one, and was already alluded to between the exchange with Judge Lynch, which is that there is nothing in this record, nothing, indicating that the plaintiff intended to proceed under the admiralty side of the district court's jurisdiction. There's been nothing cited in the briefs. There's been nothing stated here at argument. And it simply doesn't exist. What's the relevant record that we're supposed to look at? The complaint, Your Honor. Rule 9H applies to pleadings. Well, what about the statement in the complaint that the case also implicates the general maritime jurisdiction of the United States and therefore general maritime law applies in this case? The application of substantive maritime law is not relevant to whether there's and whether the plaintiff is proceeding on the admiralty side of the district court's jurisdiction because the district court proceeding on the law side of its jurisdiction would also apply substantive maritime law, as would a state court if it were proceeding pursuant to the Savings to Suitors Clause. Under any of those circumstances, the same substantive law applies. The question is whether the procedures of the admiralty court and the special procedures that are invoked under Rule 9H, whether those procedures apply. And that's relevant because it's only when those special admiralty procedures apply that 1292A3 is appropriate. Beyond the 1292A3 implications of proceeding on the admiralty side that you can get the introductory appeal, could you give me a flavor of what some of the other ones are that if you elect admiralty kick in? Yes. The most prominent one for purposes of this case is that there's no right to a jury trial. So the fact that the plaintiff in this case has always demanded a jury trial from the very beginning is strong evidence that the plaintiff intended to proceed on the law side of the court. In addition to that, there are venue provisions that apply specifically in admiralty procedures. Rule 14C applies, which relates to joinder of certain claims. And then you have the whole slew of supplemental admiralty rules at the end, which relate to primarily in rem processes. But one of those effects of whether you're on the admiralty side or the law side is whether you can invoke 1292A3. And if you haven't invoked or you haven't elected to proceed on the admiralty side of the court's jurisdiction, you can't. And it's as simple as that. The plaintiff filed this case in state court originally. Now, that is per se an election to proceed at law because the state court can't be an admiralty court. Then it was removed to federal court under the federal officer removal statute. There was never an indication by the plaintiff at any point that the plaintiff intended to now move into the admiralty side. And how does that work? I take the point about we look at the complaint. So if it's an originally filed action in federal court. When it's a removed action, obviously you can't look at just the complaint. It wouldn't make a lot of sense. What is the way it's supposed to work on your view if you want to elect admiralty in a removed case? Well, here the way it could have worked is there was first an amended complaint that was filed once it was removed into federal court. So the plaintiff could have elected in the amended complaint. Then there was a second amended complaint, which is the one on appeal. They also could have elected in the second amended complaint. And if there had been no amended complaint, there could still have been an election, an affirmative election that the plaintiff would have simply filed. Said we elect to proceed or, Your Honor, or literally anything. Indicated to the judge, indicated to the parties. At any point in the four years that this case has been pending, that in fact the plaintiff intends to proceed on the admiralty side of the district court's jurisdiction. The first time that that concept ever came up was when this appeal became relevant. And the first thing the plaintiff did was file a petition or motion under 1292B for certification of the order for appeal. About a week later they then filed this notice of appeal. So the first time it came up is also the first time where there was any difference between the two tracks. I disagree with that, Your Honor, because the jury demand was the key difference between the two tracks. And that was demanded repeatedly in this case. But the jury demand doesn't, how did it place the proceedings in the district court on a different track than if there had been no jury demand? Because as the court held in Concordia, demanding a jury trial is very strong evidence that you're on the law side of the court. And the reason is because under 38E, if you're proceeding under the admiralty side of the district court's jurisdiction, you have no right to a jury. So simply demanding a jury by the plaintiff indicates... But a jury comes at the end. I'm just talking about, Judge Barron asked you a very good question, which is what's the difference between the two tracks? Right. And is there any difference at all? Could you tell which track you're on prior to where this case got? I understand the question, Your Honor. In this case, there would have been no difference in terms of the procedure applied during the course of the case until the trial. However, the fact of the jury demand in the pleadings is practically dispositive. And I would just point, Your Honor... By dispositive, you mean the fact that in their complaint they demanded a jury... Yes. Would lead one to believe, although we've held not certainly, would lead one to believe that when you do get to the point where the two tracks diverge, you want to go on the state one or the federal one. At the law side of the court. Yeah, that's right. But they haven't got to that point. And so the question that raises my mind is 9H, I don't think has a timing requirement. So why is not when you get to the point where they diverge, someone says, I want this one now. I want to appeal. That's clearly the admiralty track. Why is that too late? Your Honor, because 9H is a pleading requirement. You can see that it can't be with respect to in the typical way in a removed case. There still has to be some affirmative election where there are multiple grounds for federal courts. I guess what I'm saying, if he filed, he files his interlocutory appeal, and with it he makes a 9H election. Is that okay? It depends on the timing of the case and what else is happening. In this case, in this very case. No, it wouldn't be. It would not because of what's occurred throughout this case has been... But see, I think that goes to Judge Carado's point, which we don't know at what point it would matter to choose between the two. He obviously started not as an admiralty case. Now he's in federal court. One idea is there's a very strong presumption once you start in state court, you've elected outside admiralty. And you can't change your view of that in the course of the case. But you say you could because he could have amended his complaint post-removal, and that would have been okay. Yes, but I'm saying he did amend his complaint and continued to demand a jury and never requested that 9H. So he kind of forfeits any chance at that point. Correct. That's exactly right. Is there some case that tells us that? Yes. The contrary case to this is Concordia, where there was also no 9H election in that case. But what was done was the plaintiff put in their caption that the case was in admiralty. The plaintiff also did not demand a jury trial. And this court held that that was sufficient to put the case on the admiralty side of the court for purposes of jurisdiction. Here we have the exact opposite. There's nothing in the caption or anywhere else in the complaint that reflects an intent by the plaintiff to proceed on the admiralty side of the court's jurisdiction. And there is a jury demand, which is, as Concordia held, very strong evidence that the plaintiff intends to proceed on the law side of the court's jurisdiction. Well, sometimes you don't know, so you need to have the jury demand if you're going to preserve your rights if you end up that way. No, Your Honor. This is an election that the plaintiff makes at the beginning of the case. The plaintiff can change that election as it goes along, but the plaintiff has never done that in this case. The plaintiff has always indicated they want the right to a jury trial, which is a right that you only have on the law side of the court. Is there a case law saying that in a removed case you can make a 9-H election without amending your complaint? I don't know of anything that specifically holds that in that scenario, but it's not relevant to this case, where the complaint has been amended twice and repeatedly a jury has been demanded. So if we were in a situation where this complaint had never been amended, Your Honor, then that might be a harder case. But here it was amended twice. Both times a jury was demanded, and in neither time was a 9-H election made, and in neither complaint was there any other indicia at all that the plaintiff intended to proceed in the admiralty side of the district court's jurisdiction. Rule 9-H requires something affirmative to be done by the plaintiff. As this court held in Concordia, the best thing, the clearest thing for the plaintiff to do is to simply make the 9-H election. Well, how about filing an interlocutory appeal? Clearly wouldn't do that. Why is it too late? He could amend his complaint at that point, and under Rule 15, the amendment would only be denied if there were a schedule in the order that set a deadline, or there was prejudice caused by the delay or undue. Your Honor, just to really distill this down, we have a jury trial starting next week in this courthouse, a jury trial. At no point, including today, has the plaintiff said, we waive our right to the jury trial because we want to proceed in admiralty and have this court decide this interlocutory appeal. They want to do both, and they can't. They need to choose, are they on the admiralty side of the court, in which case they have no right to a jury, or are they on the law side of the court, in which they have no appeal right now. Now, they can raise these merits issues after the final judgment, which, by the way, will be issued this month, I expect. And they can certainly have a final judgment appeal that erases these merits issues, but they don't have a right to appeal this on an interlocutory basis because they're proceeding at law under their jury demand. And if they waive the jury trial right, what's your view? Well, I think at this point, it's far too late for that, Your Honor, but they haven't done it. They haven't offered to do that in the briefing. They didn't do that in the district court. So there are harder cases, and I think Your Honor's questions can get to some of the harder cases, and this is not a hard case. This is a case where the plaintiff literally cannot point to a single piece of evidence, a single circumstance in the record suggesting an intent to proceed on the admiralty side of the court other than the plaintiff wants this appeal, and that's too late for that. Is there anything about LUERA that's different than that? LUERA is distinguishable, and the holding that they're relying on is not actually a holding. It's dicta. First of all, there is an admiralty-only claim in that case, an in rem claim, which is only cognizable on the admiralty side of the court. There was also an affirmative 9-H election with respect to the impersonum claims to proceed on the law side of the court. So there was no default rule applied in that case in either direction. There were specific reasons why those claims were – that was an admiralty case for purposes of 1292A3 because there was an in rem admiralty-only claim. So the default that was suggested in LUERA is complete dicta. It has also not been followed by later Fifth Circuit cases, including Poincan is the one that we referenced in our briefing. What about Fitzgerald? Fitzgerald, doesn't that suggest you can have, even in an admiralty case, when you have both admiralty and non-admiralty claims, you can have a jury trial? Yes, Your Honor. That's possible. A point about Fitzgerald is that's where you have a Jones Act claim that you're prosecuting, and Congress has provided a statutory right to a jury trial, even in an admiralty court in that situation. But the important thing, Your Honor, in this case is the plaintiff made the jury trial right, the jury trial demand. Without suggesting that it was only – it was carving out the case from the law side of the court, without suggesting it only applied to the state law claims. Even accepting the plaintiff's argument that that jury trial demand doesn't pull them to the law side of the court, it's at best neutral. It can't possibly suggest that they intended to proceed on the admiralty side of the court. Can you now have a notice from the court of a jury trial date for selecting a jury? Is that what you're saying? It's Monday, May 13. And I would respectfully suggest that to the extent the court thinks that it does have jurisdiction in this case, which we strongly disagree with, that Judge Lynch does raise a good point about whether there's prudential reasons that the court should at the very least hold the case in abeyance. Because this damages issue that's now before the court on the merits is contingent of the outcome on the liability issues that are about to be tried. One could imagine that these damages issues would be relevant depending on the outcome of trial. But, for example, if there's a defense verdict, they would only be relevant if the plaintiff vacates that defense verdict and then the court would get to damages issue. Let me just understand the implications for what we need to do here. You're suggesting we could just hold this in abeyance until the end of the trial? Yes, Your Honor. Hold in abeyance essentially is the next appeal. But that defeats the question of whether they have the right to the interlocutory appeal. So I understand why there's a problem with that. But if we concluded that we had jurisdiction over the interlocutory appeal, what would be the implications of that for the jury trial that's about to happen? I think there would be no implication for that, Your Honor. It would be an implication for this court. Because the jury trial is going to happen next week. Independent of whether we say they would have waived their right to it, no one's going to then say scrap the jury trial? They haven't waived their right to the jury trial yet, and that's why the court doesn't have jurisdiction. But neither party has requested a continuance of this trial, and it's going ahead. Okay. I got it. Thank you. Thank you very much, Your Honors. Thank you, counsel, at this time. Counsel for the appellant, please reintroduce yourself back on the record. You have three minutes. May it please the court. This is Mark Lonzo for the appellant. I just want to begin where the court left off with questioning, Your Honors. Number one, the state law claims allow us to request a jury trial, including in admiralty, which is one of the reasons why the jury trial has always been requested, even under admiralty. GOTRA by GOTRA is a case cited in our briefing, in the appellee's briefing. Specifically, it said, we find no reason to penalize the GOTRAs by ruling that the decision to combine the two into one single action constituting the election to proceed in admiralty alone without the right to jury trial. I'm puzzled by something in light of what was just said. Isn't in a week or two the whole issue of our jurisdiction, appellate jurisdiction, going to become moot? In a way, it will. In a way, it won't, Your Honor. And that's because ultimately this issue of the damages, as a practical matter, the judge is actually allowing the trial to go forward. How could we do an interlocutory appeal if the final judgment is entered two weeks from now? Well, there's two things. Wouldn't you just appeal that and we would consolidate the two and the issue of whether there would be an interlocutory appeal would be moot? So that's a good question. One, there would be potentially a second appeal on separate slate of issues. It wouldn't be these specific damage issues. Two, the judge actually, as a practical matter, has split out the damages so we would know if, depending on what Your Honor's decide, if those damages were not available, they would end up being stricken from the damages that were awarded presumably by a jury. So wouldn't these issues be part of the notice of appeal from any final judgment if there's a finding of liability? I don't think they would be because the issue really would be that these issues are being dealt with now. If there's another procedural issue that happens at trial and the defendant appellee here would want to appeal that, I mean, I can't speak to that, but they shouldn't be these same issues. Well, then you're betting on winning on this issue now and winning in the next two weeks. We plan on doing a lot of winning, it's true. Well, you may do some waiving. Let me just understand if it's not unheard of that we don't get our opinions out within 14 days. I've heard that. I have heard that as well. What happens if we don't? Well, if you don't, when the opinion does come out, as long as it's, depending on what it says, if it does strike the damages, the judgment... But in the interim, there's a judgment finding no liability. In the interim, if there's a judgment finding no liability, then it's likely that this is all moved. So that is the issue. The other thing is, why two weeks from now are we going to have to decide whether you have an interlocutory appeal or not? Because it will be post-final judgment that we're sitting here two weeks from now. Well, it will be post-final judgment that you're sitting here two weeks from now, so you would know. You would know by then if we were successful at trial. That's correct. And just as a final matter, the defendant has asked for a jury trial as well, and they've consistently done that, even though they put that in their affirmative defense. Thank you.